IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
APR 9 1996
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civ. Action<br>) |
| v. | ) C O M P L A I N T<br>) 96-1192 |
| MITSUBISHI MOTOR MANUFACTURING OF AMERICA, INC., f/k/a "DIAMOND-STAR MOTORS CORPORATION," | )<br>) JURY TRIAL DEMAND<br>) |
| Defendant. | )<br>) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981(A), to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to a class of female employees who were adversely affected by such practices. As alleged with greater particularity in paragraph 7, below, since at least 1990, Defendant Mitsubishi Motor Manufacturing of America, Inc., f/k/a "Diamond-Star Motors Corporation," has engaged in a pattern and practice of discrimination against a class of female employees by subjecting them to sexual harassment and sex-based harassment, retaliation, and constructive discharge.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3), and -6.

2

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of Illinois, Peoria Division.

### PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3), and -6.

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of Illinois and the City of Normal, Illinois, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

### STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, a Charge was filed with the Commission by R. Gaull Silberman, a member thereof, alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least 1990 until the present, Defendant has

3

engaged in a pattern and practice of unlawful employment practices at its Normal, Illinois facility, in violation of Sections 703(a) and 704 of Title VII, 42 U.S.C. §2000e-2(a) and -3. Such unlawful employment practices include, but are not limited to:

(a) sexually harassing a class of female employees because of their sex by creating a hostile and abusive work environment based on unwelcome verbal and physical sexual conduct, including sexual graffiti, sexually derogatory and explicit comments and innuendo, and unwanted groping, grabbing, and touching;

(b) sexually harassing a class of female employees because of their sex by conditioning their employment, benefits of their employment, and/or terms and conditions of their employment on their acquiescence in sexual harassment and/or sexual relationships;

(c) harassing on the basis of sex a class of female employees by creating a hostile and abusive work environment based on unwelcome sex-based comments and conduct;

(d) failing to take immediate and appropriate corrective action in response to complaints or other notice of sexual or sex-based harassment and/or retaliation;

(e) retaliating against a class of female employees who have opposed practices made unlawful by Title VII; and

(f) causing a class of female employees to resign their employment because of continued sexual and sex-based harassment and retaliation, thus constructively

4

discharging them.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive a class of female employees of Defendant of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and because of retaliation.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraphs 7 and 8, above, were and are done with malice or with reckless indifference to the federally protected rights of a class of female employees of Defendant.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex or retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for individuals who have opposed practices made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole a class of individuals adversely affected by the unlawful practices alleged above by

5

providing appropriate backpay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement for a class of employees who were constructively discharged by Defendant.

D.   Order Defendant to make whole a class of individuals adversely affected by the unlawful practices alleged above by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.   Order Defendant to make whole a class of individuals adversely affected by the unlawful practices alleged above by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay to a class of individuals adversely affected by the unlawful practices alleged above punitive damages for its malicious and reckless conduct, as described in paragraph 7, above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

6

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    Respectfully submitted,

                    C. Gregory Stewart
                    General Counsel

                    Rosalind D. Gray
                    Deputy General Counsel

                    Equal Employment Opportunity
                     Commission
                    1801 "L" Street, N.W.
                    Washington, D.C.  20507

                    _____
                    John C. Hendrickson
                    Regional Attorney

                    EQUAL EMPLOYMENT OPPORTUNITY
                     COMMISSION
                    Chicago District Office
                    500 West Madison Street, Suite 2800
                    Chicago, Illinois 60661
                    (312) 353-8551